UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| *Plaintiff* | ) | |
| | ) | |
| v. | ) | Cause Nos. 3:18-CR-89-RLM and |
| | ) | 3:18-CR-113-RLM |
| JUNIE CEPEDA IBARRA, | ) | |
| | ) | |
| *Defendant.* | ) | |

OPINION AND ORDER

I denied Junie Cepeda Ibarra's motion for compassionate release on February 8, 2022. (Doc. 74 in 3:18-CR-89; Doc. 50 in 3:18-CR-113). The court of appeals heard argument on her appeal on September 22 and remanded the case to me the following day because of my confusing explanation of my ruling. At oral argument on September 26, Ms. Cepeda Ibarra's counsel told me that Ms. Cepeda Ibarra had received little medical care at Federal Medical Center Carswell, to which she had been transferred. Counsel said Ms. Cepeda Ibarra had seen a pulmonologist in April, but the pulmonologist couldn't prescribe infusion medication, and that Ms. Cepeda Ibarra had seen a doctor during a hospitalization in May, but that she hadn't seen a doctor since then. My ensuing September 28 order directed the government to file, within 15 days, any diagnosis or prognosis that had been prepared for the Medical Center since Ms. Cepeda Ibarra had been transferred to that facility. (Doc. 85 in 3:18-CR-89; Doc. 59 in 3:18-CR-113). In

the interest of a prompt ruling, my September 28 order is attached to this opinion and made a part of it.

Both sides appear to agree that Ms. Cepeda Ibarra suffers from pulmonary arterial hypertension and congestive heart failure and has significant shortness of breath with activity. One of my tasks, both in February and today, has been to weigh two reports prepared by Bureau of Prisons doctors. On December 7, 2021, Dr. David Duncan diagnosed Ms. Cepeda Ibarra as having less than nine months to live, though the report on which she stated his opinion required him to put it in terms of having less than eighteen months to live. On December 9, Dr. Elizabete Stahl, Medical Director for the Bureau of Prisons Central Office of Health Services Division concluded that Ms. Cepeda Ibarra wasn't showing the sort of signs one would expect of a person likely to die within 18 months. Dr. Stahl recommended monitoring Ms. Cepeda Ibarra at the medical prison to which she was to be transferred. My February order explained why I couldn't find either report more persuasive than the other, and since the petitioner bears the burden of proof on a petition for compassionate release, I denied the petition.

At the post-remand September hearing, I heard more argument on the weight to be given the two reports. The September 28 opinion noted additional factors affecting the weight to be given the reports. I ordered that the government supplement the record with any more diagnoses or prognoses Ms. Cepeda Ibarra had received since her transfer.

There have been none. No medical diagnoses, no medical prognoses. Ms. Cepeda Ibarra has received treatment, the government tells me, but I had asked not to be presented with unexplained records of treatment since I'm unqualified to understand without expert help what such records would mean.

> The proper analysis when evaluating a motion for a discretionary sentencing reduction under § 3582(c)(1)(A) based on "extraordinary and compelling" reasons proceeds in two steps. At step one, the prisoner must identify an "extraordinary and compelling" reason warranting a sentence reduction, but that reason cannot include, whether alone or in combination with other factors, consideration of the First Step Act's amendment to § 924(c). Upon a finding that the prisoner has supplied such a reason, the second step of the analysis requires the district court, in exercising the discretion conferred by the compassionate release statute, to consider any applicable sentencing factors in § 3553(a) as part of determining what sentencing reduction to award the prisoner.

United States v. Thacker, 4 F.4th 569, 576 (7th Cir. 2021).

Inquiry begins with whether Ms. Cepeda Ibarra has established an extraordinary and compelling reason for immediate release. With full regard for the terrible health in which Ms. Cepeda Ibarra finds herself, she hasn't shown an extraordinary and compelling reason for compassionate release.

Drs. Duncan and Stahl agreed that Ms. Cepeda Ibarra's condition is terminal — that she will die from her pulmonary arterial hypertension and congestive heart failure. But death isn't alone extraordinary; nothing is more ordinary for mortal man or woman — all of us die. What is extraordinary is knowing when it will happen, and knowing it will happen in a matter of days or weeks can amount to an extraordinary and compelling reason for immediate

3

release, so one can pass from this life among loved ones rather than guards. That appeared to be Ms. Cepeda Ibarra's situation last December; the prison was telling her loved ones that they should come see her immediately if they ever wanted to see her again. Fortunately, Ms. Cepeda Ibarra survived December.

Dr. Stahl found herself unable to agree with Dr. Duncan about the imminence of death, and recommended instead that Ms. Cepeda Ibarra be continued on her course of treatment at a federal medical facility and see whether her condition deteriorated. Fewer doctors have seen Ms. Cepeda Ibarra than a sentencing court would like (or expect), but nothing in the record before the court allows an inference that her condition has worsened in her nine or ten months at FMC Carswell.

Even as supplemented, the record before me remains in equipoise. I can't find that Dr. Duncan was more likely right when he opined that Ms. Cepeda Ibarra will die from her condition in a matter of months, or that Dr. Stahl was more likely right she opined that Ms. Cepeda Ibarra will die from her condition but will first live an indeterminable period of time.

There is a regrettable but necessary coarseness to today's ruling. Ms. Cepeda Ibarra seeks compassionate release on the basis that her death is imminent. Discussing a living human being's death is always uncomfortable, but it's especially uncomfortable in the context of denying that human being's request for help. But the law requires a finding of a circumstance that is both

4

extraordinary and compelling, nothing is more ordinary than the knowledge that one will die.

Because Ms. Cepeda Ibarra hasn't shown an extraordinary and compelling reason for compassionate release, the court DENIES her motion for compassionate release (Doc. 62 in 3:18-CR-89; Doc. 38 in 3:18-CR-113).

SO ORDERED.

ENTERED: <u>October 18, 2022</u>

<u>/s/ Robert L. Miller, Jr.</u>
Judge
United States District Court

Cc: Clerk, U.S. Court of Appeals